CHARLES A. BUOHL, PROSECUTOR, v. BOARD OF COMMISSIONERS OF THE CITY OF BEVERLY, RESPONDENT.

Submitted December 13, 1916—Decided February 27, 1917.

1. The legislature did not intend by the provisions for the initiative in the Walsh act (*Pamph. L.* 1911, *p.* 462) to make it possible to change fundamentally the scheme of government with power concentrated in the commissioners therein provided for, and again scatter the powers among different boards.

2. The act to establish an excise department (*Pamph. L.* 1901, *p.* 239; *Comp. Stat.*, *p.* 2918) is superseded by the Walsh act (*Pamph. L.* 1911, *p.* 462) in cities which adopt the latter.

---

On application for *mandamus*.

Before Justices SWAYZE, MINTURN and KALISCH.

For the application, *Stackhouse & Kramer.*

For the respondents, *Ernest Watts* and *John S. Horner.*

The opinion of the court was delivered by

SWAYZE, J.   This is an application for a *mandamus* to compel the authorities of Beverly to call an election to pass on a proposed ordinance creating a board of excise commissioners for that city. The proposed ordinance was initiated by petition under the Walsh act. *Pamph. L.* 1911, *p.* 462. The authority to create an excise commission exists, if it exists at all, under the act of 1901. *Pamph. L., p.* 239; *Comp. Stat., p.* 2918. The important question is whether that act has been superseded in cities adopting the Walsh act.

By the amendment of 1914, it was enacted that municipalities which had adopted the act were a distinct class and should not be subject to any laws of this state except laws applicable to all municipalities other than counties and school districts. *Pamph. L.* 1914, *p.* 253. If this legislation were valid, it would be entirely clear that Beverly would not be subject to the act of 1901. But it has been settled that cities under the Walsh act do not for this purpose constitute a valid class under the constitution. *Delaware River Transportation Co.* v. *Trenton,* 86 *N. J. L.* 48; *affirmed, Id.* 679.

There can be no doubt that the object of the Walsh act was to concentrate all the powers of the municipality in the commissioners provided for by that act. The language of section 4 is explicit. The question now presented is whether the power is so extensive that the commissioners may themselves abdicate a portion of their power in favor of an excise commission authorized by another and earlier act applicable to all cities and towns except cities of the first class; or rather the question is whether the commissioners can be thus compelled to abdicate the power given them by the Walsh act by means of a vote on a measure initiated against the will of the commissioners.

The language of section 8 of the Walsh act as amended in 1914 by what is called the Hennessy act, is broad enough to authorize such a fundamental change; but we think the same reason that led to the condemnation of section 1 of the Hennessy act requires the condemnation of section 2. We know no reason why cities governed by the Walsh act should have these extensive powers of what is called home rule, that is not applicable to cities governed under other acts; and unless there is some such reason, the classification according to well-settled principles is illusory. We think the proposed ordinance cannot be justified under the act of 1914.

The next question is whether it can be justified under the act of 1911 (Walsh act) as amended in 1913. The creation of an excise board by city ordinance is certainly one of the powers possessed by the governing body of the city prior to the act of 1911. It therefore passed to the commissioners, if we look only at the language of section 4. That language, however, must be construed in the light of the intention of the legislature as evinced by the general scheme of the act. Looking at it in that light, we think the legislature could not have meant to put it in the power of fifteen per cent. of the voters to compel the commissioners to submit to the voters an ordinance which would divide the powers of government which the act showed a clear purpose to concentrate. If the commissioners can thus be shorn of their power over the sale of intoxicating liquors, they can be shorn of many other powers, in fact of all powers they may have been authorized to exercise by ordinance. For instance, the commissioners of the city of Jersey City, which has adopted the Walsh act, might by ordinance, initiated by fifteen per cent. of the voters, and adopted perhaps by a bare majority on a very light vote, be forced to give over again to a board of street and water commissioners or a board of finance the very powers that were taken away by the adoption of the Walsh act. With the policy of ordinances initiated by a small per cent. of the voters we have at present no concern. All we now hold is that the legislature did not intend by the provisions for the initiative in the Walsh act to make it

possible to change fundamentally the scheme of government with power concentrated in the commissioners therein provided for, and again scatter the powers among different boards.

The application is therefore denied, with costs.